## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LARRY KANNER,

      Plaintiff,

      v.

ALLEN LEONARD BEVERLY, JR. and SCS UNLIMITED FLOORING LLC,

      Defendants.

Case No. 6:23-cv-1706-CEM-RMN

## REPORT AND RECOMMENDATION

This cause comes on for consideration without oral argument on Plaintiff's Motion for Entry of Default (Dkt. 32), filed May 22, 2024 ("Motion"). The Motion has been referred to me for a report and recommendation. Upon consideration, I respectfully recommend that Plaintiff's Motion be granted.

## I.  BACKGROUND

On September 6, 2023, Plaintiff filed a two-count Complaint against Defendants Allen Leonard Beverly, Jr. and SCS Unlimited Flooring LLC for common law breach of oral contract for unpaid wages (Count I) and violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") (Count II).  Dkt. 1. Defendant SCS Unlimited Flooring LLC was

served with the Complaint on September 18, 2023. Dkts. 12, 12-1. Defendant SCS Unlimited Flooring LLC failed to timely respond and, as a result, the Clerk of Court entered default on October 11, 2023. Dkt. 14. Defendant Allen Leonard Beverly, Jr. was served with the Complaint on April 8, 2024. Dkt. 28. Defendant Allen Leonard Beverly, Jr. failed to timely respond and, as a result, the Clerk of Court entered default on May 1, 2024. Dkt. 31. Plaintiff now moves for entry of final default judgment. Dkt. 32. The matter is ripe for review.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules, the Clerk may enter default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the Plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th

Cir. 1975).[1] If default judgment is warranted, then the Court must next consider whether the Plaintiff is entitled to the relief requested. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

## III.  ANALYSIS

### A.  Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves a federal question. This Court has personal jurisdiction over Allen Leonard Beverly, Jr. because he is a resident of and domiciled in Florida and over SCS Unlimited Flooring LLC because it is a Florida limited liability company doing business in the state of Florida. *See* Dkt. 1.

### B.  The Entry of Default

Plaintiff properly served Defendant SCS Unlimited Flooring LLC by personally serving an employee of its registered agent on September 18, 2023. Dkts. 12, 12-1; Fed. R. Civ. P. 4(h); Fla. Stat. § 48.91. Defendant SCS Unlimited Flooring LLC did not appear, and no responsive pleading was ever filed. The Clerk of Court entered Clerk's Default on October 11, 2023. Dkt. 14. Plaintiff properly served Defendant Allen Leonard Beverly,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Jr. by personally serving him on April 8, 2024. Dkt. 28; Fed. R. Civ. P. 4(e); Fla. Stat. § 48.031. Defendant Allen Leonard Beverly, Jr. did not appear, and no responsive pleading was ever filed. The Clerk of Court entered Clerk's Default on May 1, 2024. Dkt. 31.

### C.    Liability

#### 1.    Count I – Common Law Breach of Oral Contract

"To prove a claim for breach of an oral contract, a party must prove the elements of a written contract." *Liquid Advert., Inc. v. G & G Dev. Antigua*, No. 8:07-cv-999, 2007 WL 3231784, at *3 (M.D. Fla. Oct. 30, 2007). "Under Florida law, '[t]he elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages.'" *Nagel v. Glob. Growth Holdings, Inc.*, No. 6:23-cv-2256, 2024 WL 1701142, at *1 (M.D. Fla. Apr. 19, 2024).

Plaintiff's allegations and exhibits sufficiency state that he had an oral agreement with Defendants, which Defendants breached, and he was damaged as a result. *See* Dkt. 1 ¶¶ 121–133; Dkts. 1-5, 1-6, 1-7, 1-8, 1-9 (exhibits showing Defendants acknowledgment of commissions owed and Plaintiff's work schedule). By failing to answer the Complaint, Defendants admit that (1) it entered into an oral agreement with Plaintiff where he would receive commissions on gross sales, (2) it breached the agreement by not paying Plaintiff all of his owed commissions, and (3) that Plaintiff

was damaged as a result of its nonpayment. *See* Dkt. 1 ¶¶ 121–133; *Allen v. Shayona Enterprises of Am., Inc.*, No. 6:06-cv-1441, 2007 WL 1626199, at *3 (M.D. Fla. June 5, 2007) (granting default judgment on breach of oral contract count where elements for a breach of contract action were satisfied).

Plaintiff has thus sufficiently alleged that Defendants are liable for common law breach of oral contract for unpaid wages.

### 2.    Count II – Violation of FLSA

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). [2] To state a claim for unpaid overtime wages under the FLSA, a plaintiff must allege sufficient

---

[2] I note that the FLSA overtime pay requirement is subject to exemptions. One such exemption is the retail or service establishment exemption. *See* 29 U.S.C. § 207(i). That exemption applies to commissioned work at retail or service establishments. *See id.* Plaintiff seeks commissions from Defendants through his breach of oral contract count and does not mention section 207(i) in his Complaint nor the instant Motion. But "the general rule [is] that the application of an exemption under the [FLSA] is a matter of affirmative defense on which the employer has the burden of proof." *Sims*, 292 F. Supp. 3d at 1294 (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974)). Because Defendants have not appeared and thus not raised any exemptions as affirmative defenses, the Court need not consider them in determining liability on Plaintiff's claims.

facts to show that (1) the defendant employed him; (2) either the defendant constitutes an enterprise engaged in interstate commerce to qualify for "enterprise coverage," or the FLSA covers the plaintiff through "individual coverage"; (3) the plaintiff worked in excess of a 40-hour work week; and (4) the defendant failed to pay overtime wages owed to the plaintiff. *See Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1292 (M.D. Fla. 2018). Subject to exceptions not applicable here, the FLSA defines "employee" as "any individual employed by an employer," and "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §§ 203(e)(1), (d).

Plaintiff's allegations state that he was employed by Defendants as a project manager from around July 2019 to February 2023. Dkt. 1 ¶¶ 23, 86. The Complaint also adequately alleges that Defendants are "an enterprise" for purposes of the FLSA. *See id.* ¶ 16; *see Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006).[3]

_____

[3] The FLSA defines "an enterprise engaged in commerce or in the production of goods for commerce" in relevant part, as an enterprise that

(i)    has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials

Plaintiff states that Defendants had employees engaged in handling, selling, or otherwise working on goods moved in or produced for commerce and Defendant earned more than $500,000 per year in gross sales. Dkt. 1 ¶¶ 17–19. These factual allegations are sufficient to support enterprise coverage. And finally, Plaintiff declares that he worked more than 40 hours per work week and that Defendants failed to compensate him at a rate of time and one-half his regular pay for overtime work. Dkt. 1 ¶¶ 106–113, 136.

Plaintiff has thus sufficiently alleged that Defendants are liable for overtime-wage violations under the FLSA.

### D.    Damages

#### 1.    Breach of Oral Contract Damages

Under their agreement, Defendants were to pay Plaintiff a ten to fifteen percent commission on gross sales procured by Plaintiff. Dkt. 1 ¶¶ 121–122. Plaintiff contends that he kept a record of all sales made and all commissions owed. Dkt. 32-1. Based on his records, Plaintiff believes Defendants owe him $9,560.97 in unpaid commissions in accordance with

---

that have been moved in or produced for commerce by any person; and

(ii)    is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(i)(A)(i)–(ii).

their agreement. *Id.* Plaintiff's allegations (Dkt. 1 ¶¶ 121–133), exhibits (Dkts. 1-5, 1-6, 1-7, 1-8, 1-9), and affidavit (Dkt. 32-1) are sufficient to prove he is entitled to $9,560.97 in damages for breach of contract. *See Allen*, 2007 WL 1626199, at *4 (awarding breach of contract damages owed pursuant to terms of contract).

### 2.    FLSA Wages and Liquidated Damages

Pursuant to the FLSA, any employer who violates the overtime wage provisions is liable to the employee in the amount of the employee's unpaid overtime compensation and an equal amount as liquidated damages. 29 U.S.C. § 216(b). Employees bear the burden of proving they performed work for which they were not properly compensated. *Saphos v. Grosse Pointe Dev. Co., Inc.*, No. 6:6-cv-257, 2008 WL 976839, at *3 (M.D. Fla. Apr. 9, 2008). When the employer's records are inaccurate or inadequate—or in this case unavailable—an employee carries this burden by producing "sufficient evidence to show the amount and extent of that works as a matter of just and reasonable inference." *Id*. Upon such a showing, the "burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence of the precise amount of reasonableness of the inference to be drawn from the employee's evidence." *Id*. Courts analyzing motions for default judgment employ this standard in reviewing a plaintiff's claimed damages. *See, e.g.,*

*Hammonds v. Age Mgmt. & Optimal Wellness, Inc.*, No. 8:16-cv-429, 2017 WL 10276703, at *3 (M.D. Fla. Feb. 6, 2017); *Onofre v. Higgins AG, LLC*, No. 8:21-cv-311, 2021 WL 6498121, at *2 (M.D. Fla. Dec. 29, 2021), *report and recommendation adopted*, No. 8:21-cv-311, 2022 WL 138096, at *1 (M.D. Fla. Jan. 14, 2022).

Plaintiff provides sufficient evidence for his claimed damages. He alleges that Defendants failed to pay him his complete overtime compensation and that failure was an intentional and willful violation of the FLSA. Dkt. 1 ¶¶ 135–143. In support of his Motion, Plaintiff provides an affidavit that shows the amount and extent of his work as a matter of just and reasonable inference. Dkt. 32-1. The affidavit indicates that he was not properly compensated for the overtime work he performed for Defendants. *Id*. Specifically, Plaintiff was only paid straight time for his overtime hours and estimates he worked 280 overtime hours between September 2020 and December 2022. *Id*. Plaintiff therefore believes that he is owed $7,828.80 in unpaid overtime wages. *Id*.; Dkt. 32 at 8.[4] Plaintiff seeks this amount in damages.

Plaintiff's affidavit (Dkt. 32-1) is sufficient evidence to demonstrate the amount and extent of his work as a matter of just and reasonable

---

[4] Plaintiff is only seeking the *additional* one-half of the overtime rate. He therefore admits that Defendant paid him at his regular rate for the hours worked each week.

inference. Defendants have not produced evidence or otherwise controverted such evidence in response. Thus, Plaintiff is entitled to the undisputed amount of $7,828.80 in overtime compensation.

Plaintiff also seeks $7,828.80 in liquidated damages. Dkt. 32 at 8; Dkt. 32-1. He alleges that Defendants' failure to pay him the requisite overtime pay was intentional and willful. Dkt. 1 ¶¶ 138–142. As explained above, any employer who violates the overtime wage provisions of the FLSA, 29 U.S.C. § 207, shall be liable to the affected employee in the amount of the unpaid overtime wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages under the FLSA are "compensatory in nature." *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000). "An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds." *Hammonds*, 2017 WL 10276703, at *4 (citing *Joiner v. City of Macon*, 814 F.2d 1537, 1538 (11th Cir. 1987)). In fact, liquidated damages for overtime wage claims under the FLSA are "mandatory absent a showing of good faith." *Joiner*, 814 F.2d at 1539.

Plaintiff sufficiently alleges that Defendants violated section 207. As discussed above, Plaintiff establishes that he is entitled to $7,828.80 in overtime compensation. Defendants have not established that the

FLSA violation was in good faith or that liquidated damages are unwarranted. *See, e.g., Maldonado v. Stoneworks of Manatee, LLC*, No. 8:17-cv-60, 2020 WL 10486667, at *1 (M.D. Fla. Jan. 27, 2020) (explaining that the defendant's failure to respond to the complaint constituted a failure to show good faith); *Sawicki v. Anauel Catering Corp.*, No. 12-22402, 2017 WL 7796308, at *2 (S.D. Fla. Nov. 6, 2017) (same). Plaintiff is therefore entitled to liquidated damages in the amount of $7,828.80.

In sum, Plaintiff is entitled to $15,657.60 in damages: $7,828.80 in unpaid overtime compensation, and $7,828.80 in liquidated damages.

### E.    Attorney's Fees and Costs

Pursuant to the FLSA, a court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(B). Courts use the federal lodestar approach in determining reasonable attorney's fees under the FLSA. *See Walker v. Iron Sushi, LLC*, 752 F. App'x 910, 913 (11th Cir. 2018).[5] But here, Plaintiff requests $522.00 in costs and that the Court permit him to "file a Motion for an Award of Attorneys' Fees pursuant to Federal Rule of Civil Procedure 54(d)(2)." Dkt. 32 at 8–9.

---

[5] Although *Walker* is unpublished and therefore non-binding, the opinion contains persuasive guidance and reasoning. *See* 11th Cir. R. 32.1(d).

As the prevailing party, Plaintiff is entitled to an award of costs. He seeks $522.00 in costs, which represents a $402.00 filing fee plus three $40 service of process fees. Dkt. 32-2. These costs are recoverable under 28 U.S.C. § 1920.

Additionally, I recommend awarding Plaintiff post-judgment interest, even though it was not requested in his Motion, because it is mandated by statute. *See* 28 U.S.C. § 1961(a) ("Interest shall be awarded on any money judgment in a civil case recovered in a district court."); *Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, No. 6:16-cv-952, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) (stating that the plaintiff's failure to request post-judgment interest did not preclude a post-judgment interest award because of the mandatory nature of such an award), *report and recommendation adopted*, No. 6:16-cv-952, 2017 WL 11025405, at *1 (M.D. Fla. Jan. 4, 2017).

In sum, I recommend that Plaintiff is entitled to an award of $522.00 in costs, along with post-judgment interest.

As to Plaintiff's request for the Court to permit him to move for an award of attorney's fees, I respectfully recommend the Court find Plaintiff is entitled to an award of fees because an award of attorney's fees is required under the FLSA and then the Court should direct Plaintiff to move for an award of attorney's fees and nontaxable costs within 45-days

of the issuance of an Order adopting this Report and Recommendation. Such a motion should comply with the requirements of Local Rule 7.01(c).

## IV. CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1.   Plaintiff's Motion for Entry of Default (Dkt. 32) be **GRANTED**;

2.   The Clerk be **directed** to enter default judgment in favor of Plaintiff and against Defendants in the amount of $25,740.57;

3.   Once judgment is entered, the Court should **direct** the Clerk to close this case; and

4.   Plaintiff be **directed** to move for an award of attorney's fees and nontaxable costs no later than 45-days after the issuance of an Order adopting this Report and Recommendation.

## <u>NOTICE TO PARTIES</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh

Circuit, including waiver of the right to challenge anything to which no objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

  **Entered** in Orlando, Florida, on November 19, 2024.

      _____
      ROBERT M. NORWAY
      *United States Magistrate Judge*

Copies furnished to:

Hon. Carlos E. Mendoza

Counsel of Record