UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY KANNER,**
a Resident of Florida,

    Plaintiff,

Case No.: 6:23-cv-01706-CEM-RMN

vs.

**ALLEN LEONARD BEVERLY, JR.,** a Resident of Florida, **and SCS UNLIMITED FLOORING LLC,** a Florida Limited Liability Company.

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES**

Plaintiff, LARRY KANNER ("Kanner") by and through his undersigned counsel, hereby moves this Court to award reasonable attorney's fees incurred in this action, pursuant to Federal Rule of Civil Procedure 54(d)(2), 29 U.S. Code § 216(b), §448.08 *Florida Statutes*, and Local Rule 7.01, as a prevailing party, following the default judgment entered in Plaintiff's favor and as grounds, therefore, would state as follows:

**STATEMENT OF FACTS**

1. On December 6th, 2024 this Court entered a Default Judgment (Dkt. 35) in favor of Plaintiff and against Defendants in the above-captioned case.

2. In the Report and Recommendation (Dkt. 33) it was recommended that Plaintiff be permitted recovery of his reasonable attorneys' fees.

3. This Court adopted and approved that recommendation, issuing its Order in

favor of Plaintiff (Dkt. 34).

## ARGUMENT

### A. Entitlement to Attorney's Fees:

- Based on the default judgment, Plaintiff is the prevailing party and therefore entitled to recover reasonable attorney's fees and costs from Defendant pursuant to 29 U.S. Code § 216(b), §448.08 *Florida Statutes*, and in compliance with Local Rule 7.01.

### B. Reasonableness of Fees:

- Attached as **Exhibit A** is an affidavit of the undersigned with a detailed itemized statement of attorney time, demonstrating the hours worked and hourly rates.
- The hourly rates charged by Plaintiff's counsel are consistent with, if not slightly less than, prevailing market rates for attorneys of similar skill and experience in the Middle District of Florida.
- The time spent on this case was necessary and reasonable to achieve the successful outcome.

## MEMORANDUM IN SUPPORT

### I. AUTHORIZATION FOR AWARD OF FEES

On September 6, 2023, Plaintiff filed his Complaint for Damages and Demand for Jury Trial in the United States District Court, Middle District of Florida, bringing Counts against Defendants, Allen Leonard Beverly, Jr., and SCS Unlimited Flooring

LLC., for common law breach of oral contract and failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") 29 U.S. Code § 207.

Kanner moved for; and on October 11, 2023, and May 1, 2024 respectively, the Clerk entered defaults against Defendants for their failure to appear, or otherwise respond to Plaintiff's Complaint. Accordingly, Defendants were deemed to have admitted the well-pleaded allegations of Kanner's Complaint, including particularly their liability for damages resulting from their breach of the oral agreement to pay commissions, and their failure to pay Kanner overtime in compliance with the Fair Labor Standards Act (FLSA). This Court entered its Order (Dkt. 34) issuing a Default Final Judgment (Dkt. 35) on all counts on December 5, 2024, and instructing Plaintiff to file a Motion for Award of Attorneys Fees.

Count 1 of the Complaint was brought under the Florida common law for breach of an oral contract for unpaid wages (Dkt. 1). Under Florida law, when a litigant is successful in an action for unpaid wages, "[t]he court may award to the prevailing party in an action for unpaid wages […] a reasonable attorney's fee." §448.08 *Florida Statutes*. Under §448.08, commissions, which were at issue in this action, are considered wages for purposes of invoking the prevailing party fee shifting provision. *See Hamann v. Little Italy's Meatballs, LLC*, 2021 U.S. Dist. LEXIS 64142 *11 (M.D. Fla. March 31, 2021). As such, this Court may and should award Plaintiff his attorney's fees as the prevailing party on Count 1.

Count 2 of the Complaint was brought for unpaid overtime due pursuant to the FLSA, in particular, 29 U.S. Code § 207(a)(1). Additionally, pursuant to the FLSA, a

3

court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(B). Courts use the federal lodestar approach in determining reasonable attorney's fees under the FLSA. *See Walker v. Iron Sushi, LLC*, 752 F. App'x 910, 913 (11th Cir. 2018). In this matter, Plaintiff was found to be the prevailing party and a judgement for unpaid overtime was issued. As such, this Court should award Plaintiff his attorney's fees as the prevailing party on Count 2.

## CONCLUSION

For the foregoing reasons, Plaintiff requests a judgment awarding fees for the time expended to successfully prosecute this case.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff reasonable attorney's fees in the amount of $5,737.00 against Defendants, as detailed in the attached Exhibit A, and for all other relief appropriate in the circumstances.

Respectfully submitted this 24th day of January, 2025.

> */s/ Paul L. Sutherland*
> Paul L. Sutherland, Esq.
> Florida Bar No. 1008093
> WILSON MCCOY, P.A.
> 932 N. Maitland Ave
> Maitland, Florida 32751
> Telephone: (407) 803-5400
> Facsimile: (407) 803-4617
> psutherland@wilsonmccoylaw.com
> pleadings@wilsonmccoylaw.com
>
> **Attorney for the Plaintiff**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court this 24th day of January, 2025 via the CM/EMF portal, and that a true and correct copy of the foregoing was sent via U.S. Mail to:

**ALLEN LEONARD BEVERLY, JR.**
**8330 Lainie Ln**
**Orlando, FL 32818**

*s/Paul L. Sutherland*
Paul L. Sutherland, Esq.